UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

_____

KIMBERLY P. DeCAMBRE,                    )
                              Plaintiff         )
                                                         )
vs.                                                      )          CASE NO. 15-12204
                                                         )
BROOKLINE HOUSING AUTHORITY,  )
                              Defendant        )
_____)

COMPLAINT AND DEMAND FOR TRIAL BY JURY

I.  FACTUAL SUMMARY

1.    This is a complaint for contempt, damages, judicial review, mandamus, declaratory

       judgment and injunctive relief based on the defendant's violation of the plaintiff's rights

       as a tenant and participant in the Section 8 Housing Choice Voucher Program ("Section 8

       Program").

2.    This complaint relates to a previous action filed in this court, Case No.

       1:14-cv-13425-WGY, wherein the defendant was instructed by the court on remand that it

       should reconsider its determination of the plaintiff's income eligibility under the Section

       8 program.  In its memorandum of decision, the court indicated, in reference to

       automobiles owned by the trust, that the "the fact that title is held by her Trust as an asset

       should preclude it from being counted towards income."   The court also instructed the

       Brookline Housing Authority to reconsider its exclusion of expenses for cat veterinary

       bills, travel, phone and internet, among other expenditures.  Had the Brookline Housing

       Authority complied with the court's order to reconsider its section 8 income

       determination for Mrs. DeCambre and properly applied the regulations according to the

guidelines outlined by the Court in its Memorandum of Decision, the Brookline Housing Authority would have determined that the plaintiff's household income was less than $22,650 for the period under review and that the plaintiff met the income requirements for Section 8.

3.   The Brookline Housing Authority is obligated to and should have retroactively reinstated the plaintiff's Section 8 voucher or granted her a new voucher retroactive to February 2014..

4.   On March 26, 2015, in response to the court's memorandum and order, the plaintiff's attorney renewed the plaintiffs' request that a trust expenditure for automobiles be excluded from her income as a reasonable accommodation for her disability.  Plaintiff's attorney has also requested that the Brookline Housing Authority comply with the Order of Remand and promptly reconsider the Brookline Housing Authority's income and eligibility determination for Ms. DeCambre.

5.   On March 26, 2015, the plaintiff expected the Brookline Housing Authority would comply with the court's remand order.

6.   On May 6, 2015, the defendant Brookline Housing Authority, through its attorney, advised the plaintiff, through her attorney, that "we do not presently have any plans to proceed with reconsideration of Ms. DeCambre's annual income calculation, whether it is framed in terms of a request for reasonable accommodation or otherwise."

7.   Because the Brookline Housing Authority has refused to reconsider its decision as ordered by this Court, and it is persisting in unreasonably counting and including trust assets in Ms. DeCambre's income, and it is persisting in failing to exclude from its

2

income determination trust expenditures that should be excluded as identified by the court in its memorandum of decision, and that must be excluded under applicable regulations, it is therefor continuing to unlawfully deprive DeCambre of the property and benefits she is entitled to under the Section 8 program.

8.    The Court's remand order remains valid, notwithstanding the defendant's appeal of the court's order.   The disregard of the Court's Order of Remand and instructions regarding the income calculations is a violation of the Court's order and amounts to contempt of court.

9.    The Court had authority to remand the matter to the Brookline Housing Authority under G.L. ch. 30A  § 14(7), G.L. ch. 249  § 4, and pursuant to other powers of judicial review, mandamus and equity set forth in the plaintiff's amended complaint in  Case No. 1:14-cv-13425-WGY.

10.    The disregard of the court's instructions in its Memorandum of Decision and the plaintiffs' request for reasonable accommodation is a perpetuation of the disability discrimination and civil rights violations complained of in the plaintiff's amended complaint in Case No. 1:14-cv-13425-WGY.  The Brookline Housing Authority's refusal to correctly calculate the plaintiff's income is retaliation for the plaintiff's prior opposition to discrimination, including her requests for reasonable accommodation and complaint of discrimination to the MCAD, the EEOC, the Brookline Housing Authority, and the Massachusetts Federal District Court.

11.     The defendant, by and through its agents and employees, acting under color of law, violated the United States Housing Act of 1937, 42 U.S.C. § 1437f et. seq. and the regulations promulgated thereunder by incorrectly determining that plaintiff's Total Tenant Payment (also referred to as "TTP") was $1,560 per month, an increase of $1,160.00 above her previous TTP.  The Total Tenant Payment determined by the defendant would forced the plaintiff to pay more than 30 percent of her family's monthly adjusted income toward the Voucher Payment Standard in violation of federal law and regulations.  The "Voucher Payment Standard" is the maximum monthly housing assistance payment for the family under the Section 8 Program (before deducting the Total Tenant Payment by the family).  Because the defendant deprived the plaintiff of rights protected by the United States Housing Act of 1937 while acting under color of law, the plaintiff has a cause of action under 42 U.S.C. § 1983.  The defendant discriminated against the plaintiff on the basis of her disability and deprived the plaintiff of rights under 29 U.S.C. § 701 et seq, (§ 504 of the Rehabilitation Act ), 42 U.S.C. 12131 et seq (Title II of the Americans with Disabilities Act), 42 U.S.C. § 3604 (Fair Housing Act, as amended), Mass. Gen. Laws ch. 151B and ch. 93 sec. 103.

## II.  PARTIES

12.     Plaintiff, Kimberly Decambre, is presently and was at all times relevant to this complaint a resident of Boston, Suffolk County, Massachusetts.  Mrs. DeCambre has qualified for the Section 8 Program at all times relevant to this complaint.  She participated in the Section 8 program until on or about February 1, 2014, when the defendant stopped providing the Section 8 rental subsidy to the plaintiff.  The plaintiff had a property interest in her Section 8 benefits at all times relevant to this complaint.

4

13.   The defendant Brookline Housing Authority, a local housing authority organized pursuant

      to G. L. c. 121B, § 3, is a public body located in Brookline, Massachusetts.   The

      Brookline Housing Authority participates as an administrator in the Section 8 Housing

      Assistance Payments Program, 42 U.S.C. Section 1437f et seq.  In connection with this

      program, the defendant entered into an Annual Contributions Contract (ACC) with the

      United States Department of Housing and Urban Development ("HUD"). Under the terms

      of this contract, the Brookline Housing Authority receives funds from the Federal

      government, subsidizes the rent of certain eligible low income families who are Section 8

      tenants in privately owned housing units, and agrees to abide by HUD regulations.

                                III.  ADDITIONAL FACTS

                    A.  THE SECTION 8 HOUSING CHOICE VOUCHER PROGRAM

14.   Matthew Baronas is the Assistant Executive Director/Director of Management of the

      Brookline Housing Authority and is a Massachusetts resident.  Mr. Baronas acted as a

      hearing officer and made the Brookline Housing Authority's final decision affirming the

      increase in Mrs. DeCambre's TTP and to eliminate her subsidy under the Section 8

      program.  Mr. Baronas discriminated against Kimberly DeCambre because of her

      disability and participated in the other violations of law described in this complaint.

15.   Carole Brown is the Director of the Brookline Housing Authority Leased Housing

      Department and is a Massachusetts resident.   Ms. Brown discriminated against Kimberly

      DeCambre because of her disability and participated in the decision to unlawfully

      increase Mrs. DeCambre's TTP.

16.   Janice McNiff is an employee of the Brookline Housing Authority who works in the Leased Housing Department and is a Massachusetts resident.   Ms. McNiff discriminated against Kimberly DeCambre because of her disability and participated in the decision to unlawfully increase Mrs. DeCambre's TTP.

17.   Congress established the Section 8 Program in order to help low income families obtain a "decent place to live." 42 U.S.C. 1437f(a). The Section 8 Program provides rental assistance to qualifying low-income families. The enabling statutes are found at 42 U.S.C. §1437(f) et seq. and the implementing regulations are at 24 C.F.R. 982, et seq. The Section 8 Program is operated by the United States Department of Housing and Urban Development ("HUD") and implemented by state and local public housing authorities such as the Brookline Housing Authority. Upon receiving a voucher, a Section 8 participant must find a private owner willing to accept payment for rent through the Section 8 Program.  Generally, the participant pays about 30% of her income towards rent; her portion of the payment is called the Total Tenant Payment. 24 C.F.R. §5.628(a). The public housing authority pays the owner the remaining balance, until the total rent paid to the owner reaches what is called the payment standard, which is based on the "Fair Market Rent." 24 C.F.R. §888.405(b).  If the total rent exceeds the payment standard, the participant is responsible for the difference, but is limited during the first year of the tenancy to paying no more than 40% of her income to rent. At least annually, the public housing authority is required to re-determine the participant's eligibility for the program, and to adjust the TTP to reflect changes in the participant's monthly income. 24 C.F.R. §5.628(b).

18.  Every public housing authority is required to adopt and comply with a written
Administrative Plan, which establishes local policies for the administration of housing
programs including the Section 8 Program. 24 C.F.R. §982.54. The Administrative Plan
adopted by the PHA must comply with HUD regulations and requirements. 24 C.F.R.
§982.54 (c).

20.  As a public housing authority, defendant must also comply with the Section 8 Program
rules, guidelines and regulations promulgated by HUD and act in accordance with an
annual contract entered into between the Brookline Housing Authority and HUD.

21.  A participant in the Section 8 Program is entitled to administrative hearings if she
disputes certain of the Brookline Housing Authority's decisions, including the calculation
of her TTP or a rent increase. 24 C.F.R. §982.555(a)(1)(i).  The purpose of the hearing is
to determine if the public housing authority's decisions are "in accordance with the law,
HUD regulations and PHA [Public Housing Authority] policies."   24 C.F.R.
§982.555(a)(1).  Where a Public Housing Authority makes a determination to terminate
assistance for a participant family because of the family's action or failure to act, "the
PHA must give the opportunity for an informal hearing before the PHA terminates
housing assistance payments for the family under an outstanding HAP contract." 24
C.F.R. §982.555(a)(2).  Defendant violated this provision.

## B.  KIMBERLY P. DECAMBRE

22.  The plaintiff Kimberly P. DeCambre is 59 years old and is disabled.   Mrs. DeCambre has
physical problems regulating her body temperature and she has kidney disease.  These are
severe disabilities that are life threatening.   If she does not properly maintain her body

temperature, she can suffer seizures, vascular damage, loss of blood supply to her limbs, loss of limbs, loss of hands, loss of fingers, loss of toes, loss of feet, severe pain and other severe medical difficulties.   Her condition is aggravated by exposure to hot and cold air temperatures.  She requires air conditioning in her home, and she cannot remain exposed to temperatures above or below 70 degrees F for long.   As a consequence, the plaintiff requires her air conditioned automobile for major life activities such as traveling, shopping for clothes, going outside and meeting with friends and family.  She cannot fully participate in society without her automobile.   She has been diagnosed with post traumatic stress disorder.  She has a history of depression.  She suffers from fibromyalgia, arthritis, torn labrum in her right and left hips, shoulder injuries, elbow injuries and other physical disabilities.  Alone and in combination, these physical and mental conditions substantially limit major life activities for Mrs. DeCambre including going outside in warm or cold weather, walking, picking up objects, thinking, remaining conscious, working, performing manual tasks and bending.   Her kidney disease substantially limits the major life activities involving the operation of her renal system.  Due to her disabilities, she has been determined to be eligible for Supplemental Security Income ("SSI") by the United States Government and has received payments from SSI at all times relevant to the above captioned matter.

C.  THE KIMBERLY P. DECAMBRE SUPPLEMENTAL NEEDS TRUST

23.    The Kimberly P. DeCambre Supplemental Needs Trust was established by order of the Suffolk Superior Court on June 3, 2010 to protect settlement proceeds from a personal injury and property damage lawsuit that Mrs. DeCambre had filed.  Kimberly DeCambre,

et. al. v. The Niles Company Inc., et. al., Suffolk Superior Court, Docket No. 2009SUCV00756.  A copy of the trust with the order of Justice Lauriat is attached hereto as Exhibit "A."  In accordance with 42 U.S.C. §1396p(d)(4)(A), the trust is structured as a Special Needs Trust or Disability Trust, created for the sole benefit of an individual with a disability under the age of 65 by the individual's parent grandparent, legal guardian, or court, whereby the state will receive reimbursement for Medicaid expenditures from any amounts remaining in the trust upon the individual's death.

24.     Disability Trusts created under 42 U.S.C. §1396p(d)(4)(A) are expressly exempt from treatment as a resource available to the beneficiary for the purposes of federal Social Security and Medicaid programs. Specifically, 42 U.S.C. §1396p(d) states that, for the purposes of determining an individual's eligibility for, or amount of, benefits under Social Security and Medicaid programs, trusts established under 42 U.S.C. §1396p(d)(4)(A) are not to be counted.

25.     The DeCambre Supplemental Needs Trust was created by court order for, and funded with assets belonging to, an individual with a disability under the age of 65. It is for the primary benefit of Mrs. DeCambre, who does not control if or when payments are made from the trust. The DeCambre Supplemental Needs Trust further provides that upon her death, remaining funds in the trust will first be paid to the state for reimbursement of Medicaid/MassHealth expenses.

26.     Pursuant to federal law and the terms of the 7th Article of the DeCambre Supplemental Needs Trust, the trustee may not make distributions for basic support or maintenance, including food, clothing, or shelter if such distributions would jeopardize Mrs.

DeCambre's right to receive public benefits, including Section 8.  The 7th Article of the Trust provides in part: "The trustee shall have sole discretion to determine how the property of the trust shall be spent for the needs of the beneficiary.  The beneficiary may not voluntarily or involuntarily alienate the income or principal of the trust....For purposes of determining the beneficiary's Medicaid, MassHealth, SSI or Section 8 eligibility, no part of the principal or undistributed income of the trust estate shall be considered available to her, nor is it held in her name."   Mrs. DeCambre has no reasonable expectation of receiving any payments from the trust because the trustee has sole discretion to make or not make disbursements, and such disbursements are therefore excluded from income under 24 C.F.R. 5.609(c)(9) which excludes from income "temporary, nonrecurring [and] sporadic income, (including gifts)."  Federal law and the terms of the trust limit payments for shelter such that any requirement by the Brookline Housing Authority that Mrs. DeCambre pay an increased TTP based on anticipated income from her trust would require both Mrs. DeCambre and the trustee to violate the terms of the trust that was created by court order.

27.    Funds received in a series of settlements made with the various defendants in Kimberly DeCambre, et. al. v. The Niles Company Inc., et. al., Suffolk Superior Court, Docket No. 2009SUCV00756 were placed in the trust from 2010 to 2011.  The principal of the trust is comprised exclusively of "lump sum" settlement awards and is subject to the exclusions under 24 C.F.R § 5.609 (c)(3) which excludes from consideration of income any "lump sum" additions to family assets, including payments for settlements for personal injuries and property damage.  It also excludes insurance payments.  All of the

settlements received by DeCambre were paid by the defendants' insurers.  The trust contains a *de minimus* amount of interest.  If Mrs. DeCambre had not placed the settlement funds in the disability trust, her benefits under SSI and MassHealth would have been lost or diminished under federal law and regulations.    Mrs. DeCambre depends on the MassHealth benefit because she has constant medical needs and expenses due to her disabilities.

28.   In 2010, Mrs. DeCambre informed the Brookline Housing Authority that she had received settlements that were put in trust.   The Brookline Housing Authority contacted the trustee, J. Whitfield Larrabee, and the trustee provided the Housing Authority with a bank statement disclosing assets of the trust.  Mr. Larrabee also acted as Mrs. DeCambre's attorney at all relevant times.

29.   In 2013, the Brookline Housing Authority requested tax returns, bank statements and a record of expenditures from the trustee which were provided.

30.   From 2010 though 2013, the trustee made payments for the benefit of Mrs. DeCambre to third parties.  The trustee also acquired two automobiles in the name of the trust which Mrs. DeCambre was permitted to use.   The trustee sold one of the automobiles, and the Trust continues to hold title to the other automobile at the present time.

### D.  THE BROOKLINE HOUSING AUTHORITY'S ACTION AND INFORMAL HEARING

31.   On October 28, 2013, The Brookline Housing Authority sent a notice of rent adjustment to Kimberly DeCambre setting her TTP at $312.00 per month, effective December 1, 2013.

32.   On November 12, 2013, the trustee provided the Brookline Housing Authority with a letter, bank account statements and a report concerning the assets and expenditures of the trust.  The letter explained that the trust was funded with lump sum personal injury and property settlements that were excluded from income under 24 C.F.R. 5.609 (c)(3).

33.   On or about December 19, 2013, The Brookline Housing Authority sent a notice of rent adjustment signed by Janice McNiff to Kimberly DeCambre increasing her TTP to $1,560.00.

34.   Together with the Notice of Rent Adjustment, The Brookline Housing Authority sent an explanation of the "Rent Adjustment" to Kimberly DeCambre setting forth an explanation for the increase.

35.   Because she was away from home in late December and early January, Mrs. DeCambre did not receive the rent adjustment notice dated December 18, 2014 until January 11, 2014.  Through her attorney, she promptly appealed the notice on January 13, 2014 by delivering an email to Janice McNiff and Carole Brown.

36.   The rent adjustment notices were defective because they failed to notify Mrs. DeCambre that she had a right to ask for an explanation of the decision and to request a hearing in violation of the Brookline Housing Authority's Administrative Plan and HUD regulations.  22 C.F.R. 982.555 (c)(1) provides: "the PHA must notify the family that the family may ask for an explanation of the basis of the PHA determination, and that if the family does not agree with the determination, the family may request an informal hearing on the decision."

37.   In the Brookline Housing Authority's letter to Mrs. DeCambre dated December 19, 2013, Janice McNiff stated that Mrs. DeCambre's income in her 2011 income tax return was $108,322.00 and that "This amount would have made you ineligible for the Section 8 Program."  Except for payments for SSI and possibly food stamp benefits, all of the income referenced in the tax returns was from lump sum settlements.  Lump sum settlements are excluded from income under 24 C.F.R. 5.609 (c)(3).  The letter also states, "from 1/1/2013 through 11/4/2013, the distributions from your [Special Needs Trust] total $62,828.99.  This makes you over-income for the Housing Choice Voucher Program."  Over $35,000 in the distributions referenced for this time period were for purchase of automobiles.   The trust retained title to the automobiles and the automobiles were an asset of the trust.   The automobiles could not be both an asset of the trust and income to Mrs. DeCambre.  Under 24 C.F.R. 5.609 (c)(3) and other HUD regulations distributions from the trust should have been excluded from Mrs. DeCambre's family income and could not lawfully have any effect on the TTP.

38.   On or about February 7, 2014, Mrs. DeCambre and the trustee met with Carole Brown and Janice McNiff and vigorously objected to the TTP increase.   Attorney Larrabee submitted a signed affidavit to the Brookline Housing Authority.  The trustee also emailed the affidavit and a copy of the court's decision in the case of Finley v. The City of Santa Monica, et. al. to staff at the Brookline Housing Authority, including Ms. Brown and Ms. McNiff.

39.     In the affidavit, the trustee requested a hearing, complained of disability discrimination

        against Mrs. DeCambre, and requested a reasonable accommodation.

40.     Ms. Brown responded to the trustee's February 7, 2014 email on February 10, 2014.

41.     On March 14, 2014, the trustee made another request for a hearing and made another

        request for reasonable accommodations via email delivered to employees of the

        Brookline Housing Authority, including Ms. Brown and Ms. McNiff.  The Brookline

        Housing Authority rejected plaintiff's reasonable accommodation requests, it did not

        grant any reasonable accommodations and failed to properly engage in an interactive

        process or dialogue with the plaintiff, her attorney or other representative concerning

        potential reasonable accommodations.  In response to the BHA's request for additional

        information, the plaintiff provided the BHA with the information it requested.   Based on

        this additional information, the plaintiff submitted renewed requests for  reasonable

        accommodation on July 8, 2014 and August 6, 2014.   The BHA did not have a *bona fide*

        need for additional information.  It 's requests for additional information were pretexts for

        unlawful discrimination.

42.     On April 28, the trustee received notice that a hearing in the matter was scheduled for

        May 12, 2014.   That hearing was postponed by the Brookline Housing Authority to May

        27, 2014.   Under 22 CFR § 982.555 and the Brookline Housing Authority's

        administrative plan, a Section 8 participant has a right to an expeditious hearing.  Where

        Mrs. DeCambre was not notified of her right to a hearing by defendant, where she

        repeatedly requested a hearing and was threatened with eviction because the Brookline

        Housing Authority refused to pay her subsidy although it was requested to do so, where

the plaintiff was prejudiced by the delay and suffered hardship, where there was

substantial delay in granting the plaintiff a hearing, where the delay was unreasonable

under the circumstances, the plaintiff's right to an expeditious hearing was violated.  By

denying Mrs. DeCambre an expeditious hearing, the defendant deprived her of her

property without due process of law.    By eliminating her benefits prior to providing Mrs.

DeCambre with a hearing, the defendant Brookline Housing Authority deprived the

plaintiff of due processs.   Mr. Baronas' conclusion that Mrs. DeCambre received an

expeditious hearing was not supported by any evidence, was incorrect and is contrary to

law.

43. At the hearing, arguments were heard about the general nature of the trust expenditures from

both parties.   Mr. Baronas had a record of expenditures and disbursements from the Bank of

America trust fund account that included brief descriptions of the nature of the expenditures

under the trust.   There was little or no specific evidence offered by the Housing Authority as to

which expenditures were included or excluded from the calculation of Mrs. DeCambre's

household income.   The period under review was for the year of 2013.  In calculating Ms.

DeCambre's Annual Income, Ms. McNiff calculate net distributions from the Trust for 2013

(through November 4, 2013) in the amount of $62,828.99.  Included in this amount were about

$37,000 for acquisition of a cars by the trust (the trust held title to the cars, one of which it sold),

over $5,000 in veterinary bills for emotional support animals kept by the plaintiff due to her

disabilities, and other expenditures including phone bills that were necessary due to the plaintiffs

disabilities.  All of the expenditures are and were appropriate under SSI and Medicaid rules and

regulations for disability trusts.

44.    Mrs. DeCambre rebutted the Brookline Housing Authority's case with documents,

written and oral statements including, but not limited to:

(a)    Extensive testimony of Mrs. DeCambre concerning her disabilities;

(b)    By affidavit and orally, the trustee indicated: "The type of disbursements made

from the trust are never included as income under HUD regulations. Income does

not include "sporadic," "non-recurring," "temporary" income (including gifts) and

"lump sum" payments. 24 C.F.R. § 5.609(c)(3),(4) and (9). Also, Payments made

strictly for, or as reimbursement of, medical expenses (e.g. expenses not covered

by Medicaid) are not counted as income under HUD regulations. 24 C.F.R. §

5.609(c)(4). All of the payments to third parties for DeCambre were sporadic,

non-recurring or temporary. (No payments were made directly to DeCambre.)

(c)    The trustee indicated that title to the automobile presently owned by the trust is

held by the Trust and not by Mrs. DeCambre, and likewise that the trust had held

title to another automobile which was sold and he urged that these be excluded

from Mrs. DeCambre's family income.

(d)    The trustee described medical expenses that had been incurred by Mrs. DeCambre

and paid for by the trust, including an emergency dental procedure that was

apparently not covered by her MassHealth, and urged that this be excluded from

Mrs. DeCambre's income.

(e)    One of the trustee's affidavits stated:  "Because Mrs. DeCambre had no

substantial interest income on the trust, all of the disbursements were from the

principal and none can be counted as income to the best of my knowledge and

16

belief."

(f)     The trustee submitted a copy of the trust in evidence.

45.    Mr. Baronas declined to hear oral testimony from the trustee on an expenditure by

expenditure basis, although he did listen to some examples of expenditures that should be

excluded from income that the trustee specified in his testimony.  The trustee submitted

an updated affidavit at the informal hearing, together with other documents and HUD

regulations.

## E.  DECISION OF THE BROOKLINE HOUSING AUTHORITY

46.    The hearing officer, defendant Matthew Baronas, rendered a decision on or about June 9,

2014.  Brookline Housing Authority Decision, attached hereto as Exhibit "M."

47.    Mr. Baronas concluded that "The regulations used for determining Ms. DeCambre's rent

are found in 24 CFR 5.609, which defines income."   His decision states: "These

regulations state that disbursements from such trusts must be considered income."  He

also concluded, "The [Brookline Housing Authority] properly excluded certain

disbursement from Ms. DeCambre's social needs trust and factored-in only those that

needed to be included.  It is my opinion that the BHA calculated Ms. DeCambre's rent

correctly."  There was a lack of evidence to support Mr. Baronas's factual and legal

conclusions.  Mr. Baronas also concluded that the hearing was scheduled as expeditiously

as possible and that the BHA properly denied Ms. DeCambre's reasonable

accommodation request.   The finding that the Brookline Housing Authority properly

denied the reasonable accommodation request factually incorrect.  The BHA never acted

on the plaintiff's request up until the date of the informal hearing.  Mr. Baronas implicitly

17

affirmed inclusion of the expenditure for automobiles as income, notwithstanding that he knew that the trust held title to them.

48.    24 C.F.R. 5.609 does not state that disbursements from special needs trusts must be considered income.  This regulation makes no mention of trusts whatsoever.

49.    Mr. Baronas failed to construe HUD regulations properly and failed to correctly apply income exclusions set forth in 24 C.F.R. 5.609.  As a consequence of the incorrect construction and application of HUD regulations and other errors, the Brookline Housing Authority erred in improperly calculating plaintiff's family income and in terminating Mrs. DeCambre's benefits under the Section 8 Program.  In its Memorandum of Decision in case no. 1:14-cv-13425-WGY, this Court found that the Brookline Housing Authority did include the automobile purchase in its income calculation and that "the fact that title [to the automobile] is held by her Trust as an asset should preclude it from being counted towards income."   The court has specifically found that the BHA income calculation was incorrect and yet the BHA has refused to comply with this court's order and reconsider its decision.

50.    The manner in which the Brookline Housing Authority construed and applied 42 U.S.C. §1437(f) et seq. and HUD regulations was arbitrary and capricious.  Mr. Baronas failed to properly exercise discretion and abused any discretion that he did exercise.   The construction and application of the vague statutes and regulations by the Brookline Housing Authority in the present case deprived the plaintiff of reasonable notice that she could forfeit her benefits under the Section 8 program by taking advantage of the provision for disability trusts established by 42 U.S.C. §1396p(d)(4)(A).  There is no

rational basis for construing the law and regulations in the manner done so by the

Brookline Housing Authority.   The actions of the Brookline Housing Authority deprived

the plaintiff of equal protection and due process and the statutes and regulations are

unconstitutionally vague as applied to the plaintiff specifically and disabled persons in

general.

51.    The action of the Brookline Housing Authority, in including payments from Mrs.

DeCambre's disability trust in her family's income for purposes of determining her TTP

and eligibility for Section 8, is discriminatory and unfair in that it penalizes participants

that receive SSI and MassHealth, and who, therefore, cannot put otherwise exempt lump-

sum settlement proceeds into their bank accounts without losing their essential public

benefits.   Under the present policy, other Section 8 tenants who place lump-sum

settlements or awards into their bank accounts are permitted by the Brookline Housing

Authority to withdraw funds without having the funds included in their income in setting

their TTP.

52.    The failure of the BHA hearing officer to find any facts or give any reason for denial of

DeCambre's request for reasonable accommodation in his decision violated the plaintiff's

right to procedural due process.   HUD regulations, designed to implement protections in

Goldberg v. Kelly, 391 U.S. 254 (1970), require, inter alia, a decision based on evidence,

stating reasons for the decision.   Under 24 C.F.R. § 982.555(e)(6), the written decision

must 'reflect factual determinations relating to the individual circumstances of the family

(based on a preponderance of the evidence at the hearing). Mr. Baronas' decision was not

supported by a preponderance of the evidence, did not properly reflect factual

determinations for upholding the Housing Authority's decisions, did not properly or

adequately identify reasons for Mr. Baronas' decisions and violated the administrative

plan.

53. The decision fails to demonstrate that the hearing officer was aware of an exercised his

discretionary authority under 24 CFR sec. 982.552(c)(2)(i), to take all relevant

circumstances into account, and it fails to indicate whether he either did or did not choose

to exercise that discretion in favor of the plaintiff.

### F. COMPLAINTS OF DISCRIMINATION AND REQUESTS FOR REASONABLE ACCOMMODATION

54. Through her attorney, and in person, Mrs. DeCambre repeatedly described her disabilities

to the Brookline Housing Authority, complained of discrimination, and requested

reasonable accommodations.  She has requested that the Brookline Housing Authority

exclude expenditures from her trust from its calculation of her family's monthly income.

The accommodations requested were reasonable in part because they imposed no undue

financial hardship or administrative burden on the Brookline Housing Authority.

55. Mrs. DeCambre provided medical proof of her disabilities to the Brookline Housing

Authority.

56. The Brookline Housing Authority never offered any reasonable accommodation.

57. As a disabled person, Mrs. DeCambre has a right to enjoy the benefits of a disability trust

under 42 U.S.C. §1396p(d)(4)(A) and related statutes.

58. The manner in which the Brookline Housing Authority has applied HUD regulations to

Mrs. DeCambre's individual circumstances has created an unlawful barrier to her full and

equal participation in the Section 8 Program, has deprived her of equal protection of the

laws as guaranteed by the 14th Amendment to the Constitution of the United States and is

disability discrimination.  The defendant violated regulations prohibiting disability

discrimination, including 28 CFR § 35.130(b)(3),  28 CFR § 35.130(b)(7), 28 CFR §

35.130(b)(8) and other regulations promulgated by HUD and the Department of Justice.

59.  The failure of the Brookline Housing Authority to make reasonable accommodations for

Mrs. DeCambre's disability and use of a disability trust upon request and its failure to

properly engage in any interactive process, dialogue or discussion about granting

reasonable accommodations is disability discrimination.  The BHA fraudulently

pretended that it would consider DeCambre's reasonable accommodation requests in

good faith.  The BHA asked for additional information from DeCambre when it did not

need the information and when it had no intention of granting the reasonable

accommodation regardless of the information provided by DeCambre.

60.  The Brookline Housing Authority's acts and practices, including its incorrect

interpretation of and mis-application of federal regulations concerning income exclusions

and trusts, its calculation of Mrs. DeCambre's TTP, and its failure to make reasonable

accommodations in its rules, policies, practices and services, when such accommodations

were necessary to afford the plaintiff and other disabled persons an equal opportunity to

use and enjoy a dwelling, amounted to and continue to amount to disability

discrimination.

61.  Although Mr. Baronas stated, "It is my opinion that the Brookline Housing Authority

correctly denied Ms. DeCambre's reasonable accommodation request" in his decision, he

failed to state the reasons for this decision.   At the hearing, the housing authority failed to

address the reason for its denial of DeCambre's requests for reasonable accommodations,

such that the only evidence before Mr. Baronas on this issue was the information

provided by the plaintiff and her attorney.  24 C.F.R. § 982.555(e)(6) requires that "[t]he

person who conducts the hearing must issue a written decision, stating briefly the reasons

for the decision."  Mr. Baronas' failure to state the basis for his conclusion that "the

Brookline Housing Authority correctly denied Ms. DeCambre's reasonable

accommodation request" violated 24 CFR. § 982.555(e)(6).  The decision was

unsupported by any evidence and was arbitrary, capricious and contrary to law.

## IV. DAMAGES

62.   Because the plaintiff does not have sufficient income to pay her rent without her Section 8

benefits, she has not been able to pay her rent on time, she received notices to quit from

her landlord, she has been threatened with eviction, she has needed to rely on help from

relatives to pay her rent, she has depleted her assets paying rent that otherwise would have

been subsidized by the Section 8 Program, and her trust has been depleted by assisting

with her rent.

63.   The plaintiff cannot work due to her disabilities and she receives only about

$835.39 per month in SSI and related state payments. Without her Section 8 subsidy, she

faces eviction, extreme financial hardship, economic deprivation and homelessness.

64.   Due to the defendant's actions, the plaintiff has experienced fear, anxiety, depression,

financial stress, insecurity, monetary losses, trustee fees, legal expenses, lost enjoyment of

life, physical symptoms, sleeplessness, severe emotional distress and other harm, injury

and damage.

## V.  CAUSES OF ACTION

### COUNT 1

### VIOLATION OF FEDERAL CIVIL RIGHTS - 42 U.S.C. § 1983

65.     All of the other allegations in the preceding paragraphs and other counts of this complaint

are incorporated by reference as if fully set forth herein.

66.     The defendant's agents and employees acted jointly and in concert, they aided and abetted

one another, they conspired together and they participated together in harming the plaintiff

and in violating her rights.

67.     The defendant knowingly and wilfully violated the plaintiffs rights, it acted recklessly and

was deliberately indifferent to the plaintiff's rights.   The Brookline Housing Authority has

a policy or practice of deliberate indifference to the rights of Kimberly DeCambre and

other similarly situated persons under United States Housing Act of 1937 and under laws

granting protection against discrimination to disabled people.

68.     The plaintiff's TTP was arbitrarily increased and her Section 8 benefits have been

arbitrarily terminated because the hearing officer's decision is not based on a

preponderance of the evidence.

69.     The defendant's determination of the plaintiff's TTP and their calculation of the plaintiff's

family income violated 42 U.S.C. § 1437f(o)(2) and other related sections of the United

States Housing Act of 1937 by establishing the Plaintiff's TTP at an unlawful level far in

excess of 30 percent of the monthly adjusted income of the family.

70.     The laws and regulations described in this complaint were unconstitutionally vague as

interpreted and implemented by the defendant and as applied to the plaintiff.  The laws and

regulations have no rational basis as interpreted and implemented by the defendant and as applied to the plaintiff.   The defendant violated the plaintiff's right to equal protection, procedural and substantive due process under the 14th Amendment to the Constitution of the United States.

71.    The defendant violated the plaintiff's rights as established by HUD regulations and as established by 42 U.S.C. §1396p(d)(4)(A) and related statutes.

72.    The defendant otherwise deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or the laws of the United States as described in this complaint and are liable for damages and subject to injunctive relief under 42 U.S.C. § 1983.

73.    As a direct and proximate result of the defendant's interference with and violation of the plaintiff's rights, privileges or immunities, the plaintiff suffered harm and injury.

<u>COUNT 2</u>

DISABILITY DISCRIMINATION UNDER CH. 151B, CH. 93 SEC. 103, THE ADA,
<u>THE REHABILITATION ACT AND THE FAIR HOUSING ACT</u>

74.    All of the other allegations in the preceding paragraphs and other counts of this complaint are incorporated by reference as if fully set forth herein.

76.    The plaintiff is an individual with a disability.

77.    She is otherwise qualified to participate in and receive the benefit of the Section 8 Program as administered by the Brookline Housing Authority.

78.    She has been excluded from participation in and denied the benefits of Section 8 Program, retaliated against and was otherwise discriminated against by defendant.

79.     The exclusion, denial of benefits, and discrimination was by reason of her disability and because she opposed discrimination.

80.     The defendant discriminated against the plaintiff by failing to grant her a reasonable accommodations as described in this complaint.

81.     The plaintiff filed a timely complaint with HUD and with the Massachusetts Commission Against Discrimination under ch. 151B.  The complaint was dismissed and the plaintiff was given leave to pursue the case in court.

82.     The defendant retaliated against and discriminated against the plaintiff on the basis of her disability and deprived the plaintiff of rights under 29 U.S.C. § 701 et seq, (§ 504 of the Rehabilitation Act ), 42 U.S.C. 12131 et seq, (Title II of the Americans with Disabilities Act) and 42 U.S.C. § 3604 et seq, (Fair Housing Act, as amended) and Mass. G.L. ch. 151B.

83.     As a direct and proximate result of the defendant's disability discrimination and violation of the plaintiff's rights under the Rehabilitation Act, The ADA, the Fair Housing Act, and protections afforded under Massachusetts law, the plaintiff suffered harm and injury.

<u>COUNT 3</u>

<u>BREACH OF LEASE</u>

84.     All of the other allegations in the preceding paragraphs and other counts of this complaint are incorporated by reference as if fully set forth herein.

85.     The defendant Brookline Housing Authority entered into a lease with the plaintiff and the owners of the apartment where the plaintiff resides wherein the defendant agreed to make Housing Assistance Payments ("HAPs").  In violation of their agreement with the plaintiff, in violation of HUD regulations, and in violation of state and federal law, the defendant

failed to make HAPs.

86.   The defendant Brookline Housing Authority violated its lease with the plaintiff and caused

the plaintiff harm and injury as a result.

## COUNT 4

## DECLARATORY AND INJUNCTIVE RELIEF

87.   All of the other allegations in the preceding paragraphs and other counts of this complaint

are incorporated by reference as if fully set forth herein.

88.   The plaintiff and other similarly situated Section 8 participants are suffering irreparable

injury as a result of the unlawful acts and omissions of the defendants as set forth herein.

The injuries the plaintiff and other participants suffer cannot be easily quantified and are

not adequately compensable.  No other legal remedies can adequately compensate the

plaintiff or other participants for the irreparable harm the respondents conduct has caused,

continues to cause and threatens to cause.   Without injunctive and declaratory relief, the

Brookline Housing Authority will continue to include payments from disability trusts

comprised of lump sum settlements in the annual income of disabled Section 8

participants, thereby increasing their shares of the rent, in violation of federal law and

policy and in violation of the terms of the plaintiff's and other participants' disability

trust.  The plaintiff and other participants who cannot afford the resulting TTPs will face

the threat of eviction and homelessness.  The plaintiff's ability to enjoy the benefits of the

disability trust promised by federal law will be threatened or destroyed.

89.   The plaintiff and other similarly situation participants have suffered and will continue to

suffer financially they have been and will be prevented from receiving 1) the full benefits

of their disability trusts without experiencing undue adverse financial consequences, 2) the full Section 8 benefits to which they are entitled.  These are direct and proximate results of defendants' acts and omissions as described in this complaint.

90.     There is an actual controversy involving the plaintiff and the defendants based on a dispute over the defendants interpretation of statutes and regulations and the validity decisions concerning the application of those statutes and regulations to the plaintiff.  The plaintiff contends that the defendants are acting arbitrarily and capriciously and without legal or evidentiary foundation in including in Mrs. DeCambre's family income payments made to third party's from the disability trust established by a state court pursuant to federal law.  The respondents' failure to provide a hearing prior to discontinuing Section 8 benefits and their violation of federal laws and regulation and their ongoing practice has deprived the plaintiff and other similarly situated Section 8 participants of due process.

91.     The plaintiff has a right to a legal declaration of her rights under G.L. ch. 231A §§ 1 & 2 and under applicable federal law.

92.     The plaintiff has no plain, speedy or adequate remedy at law other than the relief requested in this complaint.

93.     The plaintiff is entitled to temporary, preliminary and permanent injunctive relief requiring the defendants to comply with their legal duties as alleged herein.


<u>COUNT 6</u>

<u>WRIT OF MANDAMUS, CERTIORARI, OTHER JUDICIAL REVIEW</u>

94.     All of the other allegations in the preceding paragraphs and other counts of this complaint are incorporated by reference as if fully set forth herein.

95.   The defendants have and at a relevant times have had a clear cut mandatory duty not to include payments from the trust in the plaintiff's family income and not to deny her Section 8 benefits in the manner alleged in this complaint.  At all relevant times, the defendants have had the ability to perform the duties described herein but have failed and refused to do so.

96.   The defendants have a legal duty to exclude trust assets (automobiles) from income and exclude other trust expenditures from income.

97.   Under the court's equitable powers, under G.L. ch. 249  § 4 and under its constitutional power to grant relief in the manner of a writ of mandamus, the plaintiff requests that the defendants be ordered, mandated and enjoined to restore the plaintiff's full Section 8 benefits, exclude trust assets (automobiles) from income, exclude other trust expenditures from income and resume appropriate HAPs.

98.   The substantial rights of the plaintiff have been prejudiced because the Brookline Housing Authority's decision and actions are in violation of constitutional provisions; in excess of statutory authority; based on an error of law; made on unlawful procedure; unsupported by substantial evidence; unwarranted by the facts; arbitrary, capricious, an abuse of discretion and otherwise not in accordance with law.  To the extent authorized by law, the court should review this matter under G.L. ch. 30A and G.L. ch. 249  § 4.

99.   The plaintiff requests judicial review to the fullest extent permitted by law.

<u>COUNT 7</u>

<u>PREEMPTION AND FEDERAL SUPREMACY</u>

100.   All of the other allegations in the preceding paragraphs and other counts of this complaint are incorporated by reference as if fully set forth herein.

101.   The actions of the Brookline Housing Authority in imposing eligibility requirements for the plaintiff's participation in the Section 8 Program are contrary to Congress's intent under the United States Housing Act of 1937 and would seriously undermine and obstruct Congress's intent in distributing funds under the Section 8 Program and in promoting the use of disability trusts by disabled people.

102.   The actions of the Brookline Housing Authority violate Article VI of the United States Constitution that provides that the laws of the United States shall be the Supreme Law of the Land.

103.   Congress has preempted state laws and actions to the contrary and the plaintiff has a cause of action for injunctive relief to prevent the unlawful actions of the Brookline Housing Authority, a political body created by the Commonwealth of Massachusetts.

WHEREFORE, plaintiff respectfully requests:

A.   That the Court issue a writ of mandamus/preliminary injunction commanding the respondents to a) set aside the hearing officer's decision affirming the increase in plaintiff's TTP, and, b) reduce the plaintiff's TTP accordingly, effective February 1, 2014;

B.   That the Court issue a writ of mandamus/preliminary injunction commanding the respondents to revise their existing policies and practices to reflect the Court's order;

C.   That the Court declare the defendants have violated their legal obligations under federal law as described in this complaint;

D.   That the Court grant temporary, preliminary and permanent injunctive relief restraining and enjoining the defendants, their agents and employees from

continuing to disregard their statutory duties.  This includes, but is not limited to, an order enjoining the defendants not to violate 24 C.F.R. § 5.609(c)(3) by including payments from the principal of special needs trusts containing lump sum assets, such as personal injury and property damage settlements, in income when calculating the plaintiff's and others TTP.

E.    To the extent it is necessary, just and equitable, an order and injunction requiring the Brookline Housing Authority to restore the plaintiff's Section 8 voucher or to grant the plaintiff a new Section 8 voucher.

F.    That the Court allow the plaintiff a trial by jury on all matters so triable;

G.    That the Court grant judgment against defendants, for compensatory damages, jointly and severally;

H.    That the Court grant judgment against defendants, severally, for punitive damages;

I.    That the Court award interest, costs and a reasonable attorney's fees under 42 U.S.C. § 1988, G.L. ch. 151B and other applicable laws;

J.    That the Court grant such other relief as is just, equitable or proper.

<div style="margin-left: 40%;">

Respectfully submitted,
Kimberly DeCambre,
by her attorney,


 /s/ J. Whitfield Larrabee
J. Whitfield Larrabee
251 Harvard Street, Suite 9
Brookline, MA 02446
jwlarrabee@larrabeelaw.com
(617) 566-3670
BBO # 553499

</div>

<u>CERTIFICATE OF SERVICE</u>

I, J. Whitfield Larrabee, hereby certify this document filed through the CM/ECF system will be electronically sent to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non registered participants.

DATE: June 5, 2015

 /s/ J. Whitfield Larrabee
 J. Whitfield Larrabee